UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61551-LEIBOWITZ/AUGUSTIN-BIRCH

**JOHN SERINO**,
    *Plaintiff,*

v.

**LISA KEE-CHANNER**,
    *Defendant.*
_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Stay Discovery Pending Resolution of the Motion to Dismiss (the "Motion") [ECF No. 20], filed on January 16, 2025. For the following reasons, the Motion is GRANTED.

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997).

"[A] motion to stay discovery … is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). "To evaluate whether there is a strong likelihood 'the [dismissal] motion will be granted and entirely eliminate the need for such discovery,' the district court must take a 'preliminary peek' at the merits of the motion.'" *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997)).

When taking a preliminary peek at a motion to dismiss for purposes of a motion to stay discovery, the Court must decide if the motion to dismiss "appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53. In other words, the Court asks if on the face of the motion to dismiss "there appears to be an immediate and clear possibility that it will be granted." *Id.* at 653 (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). "The court must also weigh 'the harm produced by a delay in discovery' against 'the likely costs and burdens of proceeding with discovery.'" *Ray*, 2012 WL 5471793, at *1 (quoting *Feldman*, 176 F.R.D. at 652).

Upon preliminary review, Defendant's Motion to Dismiss does not appear to be wholly meritless. [*See generally* ECF No. 14]; *see also Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss is not "meritless on its face"). Further, Defendant does not oppose Plaintiff's stay request, and there is no indication that either party would be prejudiced by a stay. Additionally, a ruling on the Motion to Dismiss could be case-dispositive. [*See* ECF No. 14 at 2, 3 (arguing that "Count 1 fails to state a claim against [Defendant] and should be dismissed" and Defendant "is entitled to immunity under [Florida Statute] § 768.28 and Count III should be dismissed"). On balance, then, a stay is appropriate.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Stay Discovery Pending Resolution of the Motion to Dismiss [**ECF No. 20**] is **GRANTED**. Discovery in this matter, including the requirement to file a Joint Scheduling Report, is stayed pending resolution of Defendant's Motion to Dismiss [ECF No. 14].

**DONE AND ORDERED** in the Southern District of Florida this 17th day of January, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record