UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61551-LEIBOWITZ/AUGUSTIN-BIRCH

**JOHN SERINO**,

    *Plaintiff*,

v.

**LISA KEE-CHANNER**,

    *Defendant*.

_____/

## ORDER

Before the Court is Plaintiff John Serino's ("Plaintiff" or "Mr. Serino") Motion to Strike Defendant Lisa Kee-Channer's ("Defendant" or "Ms. Channer") Affirmative Defenses (the "Motion") [ECF No. 36], filed on May 6, 2025.[1] The Court has considered the Motion, Defendant's Response in Opposition to the Motion (the "Response") [ECF No. 37], the record, and is otherwise

---

[1] Plaintiff initially filed his motion on April 23, 2025 [ECF No. 33], and the Court denied the motion without prejudice because Plaintiff failed to certify that it conferred with all parties prior to filing the motion in accordance with Local Rule 7.1(a)(3) of the U.S. District Court for the Southern District of Florida. [ECF No. 35]. Defendant argues in her Response that Plaintiff's Motion is untimely because Plaintiff had until May 5, 2025, to file his Motion and did not do so until May 6, 2025. [ECF No. 37 at 1]. Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). Even if Plaintiff's Motion was filed one day late, this Court exercises its discretion and, pursuant to Rule 12(f)(1) of the Federal Rules of Civil Procedure, reviews Defendant's affirmative defenses to seek whether this Court should strike them as insufficient. *In re Cooper*, No. 6:11-bk-05364-KSJ, 2013 WL 5278933, at *1 (M.D. Fla. Sept. 19, 2013) (considering merits of plaintiffs' motion to strike even though it was untimely because "Rule 12(f) allows the Court *sua sponte* to strike matters in a pleading at any time").

fully advised. For the reasons set forth below, the Motion is GRANTED IN PART AND DENIED IN PART.

**I.      BACKGROUND**

Plaintiff alleges that "[w]hile presumed innocent and awaiting trial at his home, Plaintiff John Serino was wrongfully arrested and jailed for eight days because Defendant Channer, against BSO's policy, illegally modified Mr. Serino's bond conditions and then filed an affidavit accusing Mr. Serino of violating his bond conditions when she knew that he did not." [ECF No. 31 ¶ 1]. Plaintiff further alleges that "Defendant Channer continued to create a situation that caused Mr. Serino to be unlawfully seized because Defendant Channer did nothing to eradicate that situation by supplementing the record nor taking any measure to demonstrate that Mr. Serino's test results showed that he was sober." [*Id.* ¶ 2]. As a result of Defendant's conduct, Plaintiff brought this action alleging a Fourth Amendment claim under 42 U.S.C. § 1983 and a state law negligence claim against Defendant. [*See generally id.*]. On April 13, 2025, Defendant filed her Answer and Affirmative Defenses, including sixteen affirmative defenses, some of which are the subject of this Motion. [ECF No. 32].

**II.     LEGAL STANDARDS**

**A.  Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure explains when the court can strike "a pleading, an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court can do this on its own or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* Courts "have broad discretion when considering a motion to strike[;]" however, "[s]triking defenses from a pleading" remains a "'drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken material has 'no possible relation to the

controversy.'" *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-61670-CIV, 2013 WL 4496510, at *2 (S.D. Fla. Aug. 22, 2013).

### B.  Standard for Pleading Affirmative Defenses

When it comes to the pleading standard that applies to affirmative defenses, federal judges belong to different schools of thought.  *See Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-CIV, 2017 WL 2954919, at *3 (S.D. Fla. July 11, 2017) (Torres, J.) ("'Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion.'") (quoting *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.)).  Specifically, "[t]here is currently a split of authority in the Eleventh Circuit on whether affirmative defenses must comply with Rule 8." *Chevaldina*, 2017 WL 2954919, at *3.  Rule 8(b)(1)(A) of the Federal Rules of Civil Procedure states that in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1)(A).  At issue is the question of whether the "plausibility standard," as articulated in the Supreme Court cases of *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* applies to affirmative defenses—or not.  550 U.S. 544, 555–56 (2007); 556 U.S. 662, 683 (2009).

Some judges adhere to a school of thought holding "that affirmative defenses are subject to the heightened pleading standard set forth" in *Twombly* and *Iqbal*.  *Chevaldina*, 2017 WL 2954919, at *3; *see also Gomez v. M10 Motors LLC*, No. 19-23372-CV, 2019 WL 7049501, at *2 (S.D. Fla. Dec. 23, 2019) (Torres, J.); *Elec. Commc'n Techs., LLC v. Clever Athletics Co.*, 221 F. Supp. 3d 1366, 1368 (S.D. Fla. 2016) (Dimitrouleas, J.); *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (King, J.). Accordingly, these judges apply the "plausibility standard" to affirmative defenses and will strike "defenses which offer labels or conclusions" as insufficient because they would fail to "include factual

allegations to 'raise a right to relief above the speculative level.'" *Chevaldina*, 2017 WL 2954919, at *3 (quoting *Twombly*, 550 U.S. at 555).

Other judges have found that "affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*," and conclude instead that "[t]he straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses." *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) (Bloom, J.); *see also Patel v. Spot Classic Barbershop, LLC*, No. 21-CV-23966-DLG, 2022 WL 19266320, at *2 (S.D. Fla. Apr. 18, 2022) (Graham, J.); *Brito v. Palm Springs Mile Assocs., Ltd.*, No. 20-24701-CIV, 2021 WL 2634863, at *1 (S.D. Fla. Feb. 3, 2021) (Scola, J.). In doing so, these judges have looked to the "subtle but significant" differences in language between Rule 8(a) and Rule 8(b), noting that Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," while "Rule 8(b) merely requires that a party 'state in short and plain terms its defenses to each claim against it.'" *Laferte*, 2017 WL 2537259, at *2 ("The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses."). In addition to this statutory construction, these judges sometimes include a practical, moderating interpretive move: "'when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair.'" *Id.* (citing *Floyd v. SunTrust Banks, Inc.*, No. 1:10-CV-2620-RWS, 2011 WL 2441744, at *8 (N.D. Ga. June 13, 2011)).

The undersigned applies the lower pleading standard to affirmative defenses. "Pursuant to Federal Rule 8(b)(1)(A), a party responding to a pleading need only 'state in short and plain terms its defenses to each claim asserted against it.'" *Harapeti v. CBS Television Stations, Inc.*, No. 20-CV-20961, 2021 WL 1854141, at *1 (S.D. Fla. May 10, 2021). In this Court's view, "Rule 8 does not obligate a defendant to set forth detailed factual allegations; instead, a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Lalusis v. NCL (Bahamas)*

4

*Ltd.*, No. 24-CV-21354, 2024 WL 3183238, at *2 (S.D. Fla. June 26, 2024) (Altman, J.) (internal quotation marks omitted).  With this framework in mind, the Court considers the Motion.

## III.   DISCUSSION

In the Motion, Plaintiff argues that Defendant's second, third, fourth, fifth, seventh, eighth, and eleventh affirmative defenses must be stricken because these affirmative defenses "are irrelevant, immaterial, vague and plead mere legal conclusions that are not supported by ultimate facts and are therefore improper."  [ECF No. 36 at 2].  Defendant has agreed to withdraw her seventh and eleventh affirmative defenses, so the Court will not consider those.  [ECF No. 37 at 3].  However, Defendant argues that her second, third, fourth, fifth, and eighth affirmative defenses are proper.  [*See generally id.*].  Defendant requests that the Court enter an order denying the Motion, or in the alternative, grant Defendant leave to amend any affirmative defense deemed insufficient as a matter of law.  [*Id.* at 5]. The Court will review each of Defendant's affirmative defenses.  Any affirmative defenses not discussed by the Court were either withdrawn by Defendant or the Court finds proper or otherwise does not prejudice Plaintiff.

### 1.   Affirmative Defense No. 1

Defendant's first affirmative defense asserts that "Defendant is entitled to a credit and/or set-off for any/all benefits paid and/or payable to for/on behalf of plaintiff by any/all collateral sources of indemnity as defined by Florida law."  [ECF No. 32 at 5].  This defense falls into the category of a "set-off," which is different from an affirmative defense.  "[I]n tort actions where a set-off is permissible under Florida law, 'set-off is not an affirmative defense to be considered by the jury but is a determination regarding damages to be made by the court after the verdict is rendered.'"  *K. Hansotia & Co. Inc. v. Einalem LLC*, No. 0:19-CV-60191-UU, 2019 WL 7708241, at *3 (S.D. Fla. May 13, 2019) (quoting *KMS Rest. Corp. v. Wendy's Int'l Inc.*, 194 F. App'x 591, 598 (11th Cir. 2006)).

Therefore, the Court must strike this affirmative defense; Defendant may avail herself of a set-off as permitted by law regardless of the pleading here.

### 2. Affirmative Defense No. 2

Defendant's second affirmative defense states that "Defendant asserts that she did not act in bad faith, with malicious purpose or in any manner exhibiting wanton and willful disregard of human rights, safety or property, with ill will, hatred, spite, and evil intent with regard to the incident at issue." [ECF No. 32 at 5]. Plaintiff argues that this is not an affirmative defense; rather, it is merely a denial of Plaintiff's allegations in the complaint. [ECF No. 36 at 2]. The Court agrees. "[A]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013). For that reason, a defense that simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense at all. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). When a defendant mislabels a specific denial as an affirmative defense, the proper remedy is to treat the claim as a denial, not to strike it. *See FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08–81536–CIV, 2009 WL 2488302, at *3 (S.D. Fla. Aug. 13, 2009). Here, this defense attacks the complaint by identifying a defect or lack of evidence in Plaintiff's case. Because the proper remedy is to construe this defense as a denial, the Court will deny Plaintiff's request to strike it.

### 3. Affirmative Defense No. 3

Defendant's third affirmative defense "asserts that any damages claimed herein were caused either in whole or in part by Plaintiff's own wrongdoing or criminal conduct." [ECF No. 32 at 5]. Plaintiff argues that this affirmative fails to assert how Plaintiff's damages were in any way caused by his own conduct and, as such, fails to apprise Plaintiff of the specific nature and character of the defense. [ECF No. 36 at 2]. The Court agrees.

An affirmative defense must provide the opposing party with notice of the defendant's use of a particular defense. *See Blonder-Tongue Lab'ys, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971) (holding that the purpose of pleading an affirmative defense is to give the opposing party notice of the defense and a chance to rebut it); *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."). While a defendant need not set forth detailed factual allegations that satisfy the complete "plausibility" standard, a defendant must provide fair notice of the nature of the defense and the grounds on which it rests. *See Suffolk Constr. Co. v. Edenburg Hosp., Inc.*, No. 22-CV-20431-KMM, 2023 WL 2714183, at *1 (S.D. Fla. Mar. 8, 2023) (Moore, J.). In other words, an affirmative defense does not satisfy Rule 8(b) by only "bare-bone conclusions of law without any supporting facts." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015).

Here, Defendant alleges that any damages claimed herein were caused either in whole or in part by Plaintiff's own wrongdoing or criminal conduct—without stating any supporting factual grounds on which it bases the defense. For this affirmative defense to stand, Defendant must allege facts on which she bases the defense. Thus, the Court grants Plaintiff's request to strike this defense. Defendant is granted leave to amend this affirmative defense to provide fair notice.

### 4. Affirmative Defenses No. 4 and 5

Defendant's fourth affirmative defense "asserts that Plaintiff was in fact guilty of the offense charged, notwithstanding any favorable termination of any underlying proceedings. As long as arguable probable cause existed to complete the Affidavit, Plaintiff's detention and arrest were valid." [ECF No. 32 at 5]. Defendant's fifth affirmative defense "asserts that the Affidavit was completed based on probable cause and/or arguable probable cause." [*Id.* at 6]. Plaintiff argues that the complaint did not contemplate an arrest; rather, this incident arose out of an unlawful seizure. [ECF

7

No. 36 at 3]. Furthermore, Plaintiff argues that Defendant offers no supporting facts to corroborate her legal claims that Plaintiff was guilty, nor does she offer any facts pertaining to the purported probable cause. [*Id.*]. The Court agrees.

As the Court previously stated, a defendant must provide fair notice of the nature of the defense and the grounds on which it rests. *See Suffolk Constr. Co.*, 2023 WL 2714183, at *1. Here, Defendant alleges that Plaintiff was in fact guilty of the offense charged and that the Affidavit was completed based on probable cause—without stating any supporting factual grounds on which it bases the defenses. For these affirmative defenses to stand, Defendant must allege facts on which she bases the defenses. Thus, the Court grants Plaintiff's request to strike these defenses. Defendant is granted leave to amend these affirmative defenses to provide fair notice.

### 5. Affirmative Defense No. 8

Defendant's eighth affirmative defense states that "Plaintiff failed to mitigate his alleged damages." [ECF No. 32 at 6]. Plaintiff alleges that this affirmative defense fails because Defendant does not allege any specific facts indicating how Plaintiff could have but failed to mitigate his damages. [ECF No. 36 at 3]. The Court agrees. As this Court has stated previously, a defendant must provide fair notice of the nature of the defense and the grounds on which it rests. *See Suffolk Constr. Co.* 2023 WL 2714183, at *1. Here, Defendant alleges that Plaintiff has failed to mitigate his damages—without stating any supporting factual grounds on which it bases the defense. For the affirmative defense to stand, Defendant must allege facts on which she bases the defense. Thus, the Court grants Plaintiff's request to strike this defense. Defendant is granted leave to amend this affirmative defense to provide fair notice.

### 6. Affirmative Defenses No. 12 and 16

Defendant's twelfth affirmative defense asserts that "Defendant denies each and every other allegation of Plaintiff's First Amended Complaint herein not specifically admitted." [ECF No. 32 at

6]. Defendant's sixteenth affirmative defense states that "Defendant further denies all allegations not specifically admitted herein and demands strict proof thereof." [*Id.* at 7]. These are denials, not affirmative defenses and are redundant of one another. As the Court explained earlier, when a defendant mislabels a denial as an affirmative defense, the proper remedy is to treat the claim as a denial, not to strike it. *See Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302, at *3. Thus, the Court construes Defendant's twelfth and sixteenth affirmative defenses as denials.

### 7. Affirmative Defense No. 15

Defendant's fifteenth affirmative defense states that "Defendant reserves the right to amend and supplement these affirmative defenses adding such affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case." [ECF No. 32 at 7]. This "reservation of rights" is not a legal defense at all, affirmative or otherwise. Defendant's "ability to amend [or supplement] her pleading is governed by the Federal Rules of Civil Procedure and this Court's orders—simply put, the reservation is not legally viable and merely clutters her responsive pleading." *Branch Banking & Tr. Co.*, 2014 WL 2019301, at *4; *see Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009) ("This reservation of rights clause does not constitute an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiff's claims."). Thus, the Court strikes Defendant's fifteenth affirmative defense. Striking this "reservation of rights defense" does not preclude Defendant from seeking leave to supplement or amend her answer should circumstances reveal that to be appropriate under the law.

### IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike [ECF No. 36] is **GRANTED IN PART AND DENIED PART**. Plaintiff's Motion to Strike is **GRANTED** as to Defendant's third, fourth, fifth, and eighth affirmative defenses. Defendant's third, fourth, fifth, and eight affirmative defenses are **STRICKEN WITH LEAVE TO AMEND**.

Defendant's first and fifteenth affirmative defense are **STRICKEN WITHOUT LEAVE TO AMEND**. Plaintiff's request to strike Defendant's second affirmative defense is **DENIED**. The Court will treat Defendant's second, twelfth, and sixteenth affirmative defenses as denials. Defendant shall file an Amended Answer and Affirmative Defenses in accordance with this Order **no later than June 12, 2025**.

    **DONE AND ORDERED** in the Southern District of Florida on May 29, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record